UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES -- GENERAL

Case No.    **ED CV 13-00364-JFW (OPx)**                              Date:  March 11, 2013

Title:    Audra Haston, et al. -v- Elvin Yeo, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                                              None

**PROCEEDINGS (IN CHAMBERS):**       ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT

On December 21, 2012, Plaintiffs Audra Haston and Marvin Haston ("Plaintiffs") filed a Complaint against Defendants Elvin Yeo, M.D., American Medical Systems, Inc., and Does 1 to 100 in Riverside County Superior Court. On February 27, 2013, Defendant American Medical Systems, Inc. ("AMS") filed a Notice of Removal of Action Under 28 U.S.C. Sections 1332 and 1441(b) ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant AMS bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Defendant AMS have not met its burden of demonstrating that the parties are completely diverse, this action shall be remanded.

Initials of Deputy Clerk   sr

Although both Plaintiffs and Defendant Elvin Yeo, M.D. are citizens of California, Defendant AMS contends that the Defendant Elvin Yeo, M.D. has been fraudulently joined, and thus that his presence in the lawsuit should be ignored.  "Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  Defendant AMS relies on a category of "fraudulent joinder" known has "procedural misjoinder," which originated with the Eleventh Circuit's decision in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).   The Eleventh Circuit in *Tapscott* held that the fraudulent joinder exception applies "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."  *Id.*  The Ninth Circuit has yet to adopt the "procedural misjoinder" doctrine*. See, e.g., N.C. ex rel. Jones v. Pfizer, Inc.,* 2012 WL 1029518, at * 3 (N.D. Cal. Mar. 26, 2012); *Watson v. Gish*, 2011 WL 2160924, at *3 (N.D. Cal. June 1, 2011).   Regardless, even assuming that the Ninth Circuit would adopt the reasoning of *Tapscott*, it is inapplicable here.

In this case, as opposed to *Tapscott*, the claims against Defendant AMS and Defendant Elvin Yeo, M.D. have a "real connection" to each other.  Plaintiffs claims arise from the "serious bodily injuries" that Audra Haston suffered as a result of Dr. Yeo implanting her with the MiniArc® Sling System, which was designed, manufactured, marketed and distributed by AMS to treat stress urinary incontinence.  "Though there may be some factual and legal issues that may bear uniquely upon each Defendant's liability, it is readily apparent that an interrelationship exists between the Defendants in this case that was absent in *Tapscott*."  *Gish*, 2011 WL 2160924 at *4 (finding no fraudulent joinder and granting motion to remand under analagous circumstances); *see also  N.C. ex rel. Jones v. Pfizer, Inc.,* 2012 WL 1029518, at *4 ("Drug manufacturing defendants' argument that there is no real connection between claims because certain claims are based on theories of strict liability and negligence for the manufacture of the drug, and others are based on theories of negligent administration of the drug, is unpersuasive.").  Accordingly, Defendant AMS has failed to meet its burden in demonstrating that Defendant Elvin Yeo, M.D. has been fraudulently joined, and thus failed to demonstrate that the parties are completely diverse.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Riverside County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.